# Southern Railway Co. *v.* Brantley.

*Action against Railroad Company to recover for Killing a Horse.*

[Decided June 19, 1902.]

1. *Action for killing horse; admissibility of evidence as to value.* In an action against a railroad company to recover damages for the alleged negligent killing of a horse, the material inquiry as to the damages recoverable is the market value of the horse at the time it was killed; and it is not competent to prove what the plaintiff paid for the horse, or whether the horse was of the same value at the time it was killed as when it was purchased by the plaintiff, or what was the value of the horse which the plaintiff traded for the one that was killed; and objections to questions calling for such testimony are properly sustained, although asked by the defendant on cross examination.

[Southern Railway Co. v. Brantley.]

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellee against the appellant, the Southern Railway Company, to recover damages for the alleged negligent killing of a horse, the property of the plaintiff.

The plaintiff, as a witness in his own behalf, testified that he had purchased the horse killed from Mr. Grubbs, and that the value of the horse was a hundred dollars. Upon the cross-examination of the plaintiff by the defendant, he was asked the following questions: "What did you pay for the mare? Was there any difference in the value of the mare at the time she was killed and her value at the time you bought her? How many horses did Mr. Grubbs have for' sale at the time that you bought the mare? Did 'he have any horses except the one you bought? What was the value of the roan horse?" The plaintiff separately objected to each of these questions, the court sustained each of the objections as interposed, and to each of these rulings the defendant separately excepted.

A. N. Grubbs was introduced as a witness for the plaintiff and testified that the plaintiff got the horse which was killed from him; that the plaintiff traded him a roan horse for the one which was killed; that the horse which he traded to the plaintiff was worth one hundred dollars. On the cross-examination of this witness he was asked by the defendant the following questions: "What did you price the mare at in Eutaw? At what did you value the roan horse for which you traded? Was the roan horse worth as much in the market as the mare? Was there any difference in the market value of the roan horse, and the market value of the mare, and if so, what? Did you consider the market value of the roan horse as much as that of the mare?" The plaintiff separately objected to each of these questions, the court sustained each of such objections, and to each of these rulings the defendant separately excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $92.14. The defendant ap-

peals, and assigns as error the rulings of the court upon the evidence.

F. L. PETTUS and A. M. TUNSTALL, for appellant.

THOS. E. KNIGHT, contra, cited *Claflin v. Rodenberg.* 101 Ala. 213.

SHARPE, J.—On the subject of recoverable damages the material inquiry was as to the market value of the mare at the time she was killed and to' that inquiry the matters called for by the defendant's questions to plaintiff and Grubbs and disallowed by the court, were each irrelevant. How far cross-examination may extend into irrelevant facts for the purpose of testing the credibility of a witness or the accuracy of his statements is a matter resting largely in the trial court's discretion.—*Tobias v. Triest,* 103 Ala. 664; *Noblin v. State,* 100 Ala. 13. Allowing due scope to such discretion it cannot be held that there was reversible error in sustaining the objections made to those questions.

Other matters assigned as error have not been argued or insisted on in appellant's brief and are, therefore, taken as waived.

Affirmed.