## LOVELY *v*. GRAND RAPIDS & INDIANA RAILWAY CO.

1. APPEAL AND ERROR — DISCRETION OF TRIAL COURT — REFUSAL OF NEW TRIAL.
    The case must be a very clear one, affording very strong evidence that the verdict is the result of bias or prejudice, to justify this court in overturning the decision of the trial judge adverse to a new trial on the ground that the verdict is opposed to the great weight of evidence.

2. TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES.
    An instruction that in weighing the testimony of the witnesses any interest of the witnesses may be considered, but in the same connection cautioning the jury against drawing an unfair inference because the witnesses are in defendant's employ, does not invade the province of the jury.

Error to Mecosta; Palmer, J.   Submitted June 14, 1904.   (Docket No. 18.)   Decided October 4, 1904.

Case by James Lovely against the Grand Rapids & Indiana Railway Company for the negligent killing of a steer.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*T. J. O'Brien* and *James H. Campbell*, for appellant.

*Charles A. Withey* (*J. E. Richardson*, of counsel), for appellee.

MONTGOMERY, J.   The plaintiff brought an action against the defendant to recover the value of a steer killed by defendant's train at Paris, Mecosta county.   On the trial at the circuit, a recovery for the value of the steer was had.   The case is brought here on error.

It is first urged that the circuit judge was in error in refusing to grant a new trial on the ground that the verdict was opposed to the great weight of evidence in the case.   We have carefully considered the testimony of the

various witnesses, and do not think that the preponderance is so great in favor of the defendant as to overcome the inference that the circuit judge reached the correct conclusion. The case must be a very clear one, affording very strong evidence that the verdict is the result of bias or prejudice, to justify this court in overturning a decision of the trial judge adverse to a new trial on this ground. He has the advantage of having seen the witnesses, and of having noted their appearance on the stand.

The second point urged is that the circuit judge erred in his instructions relative to the witnesses for the defense. The instruction, as given by the circuit judge, was as follows:

"You may take the testimony of these railroad men; you may take their appearance upon the stand; you may take into consideration any interest which they might have that would in any way influence their testimony here, but no inference unfair to men should be drawn because they are in the employ of the railroad company; you will take into consideration the testimony of the plaintiff—and then weigh up the testimony on both sides, and say where, in your judgment, the truth lies, and what your duty would be in giving weight to testimony."

We see nothing objectionable in this language, taken as a whole. None of the cases cited by defendant's counsel supports their contention that the circuit judge was in this instruction invading the province of the jury. It is true the jury were told that in weighing the testimony of the witnesses the interest of the witnesses might be considered; but in the same connection the court cautioned them against drawing an unfair inference based upon the fact that these witnesses were in the defendant's employ. The question is ruled by *McDonell* v. *Rifle Boom Co.*, 71 Mich. 61 (38 N. W. 681), in which case the case of *Marquette, etc., R. Co.* v. *Kirkwood*, 45 Mich. 51 (7 N. W. 209, 40 Am. Rep. 453), relied upon by counsel, is analyzed and distinguished.

There is no error. Judgment affirmed.

The other Justices concurred.