[Southern Railway Co. v. Smith.]

# Southern Railway Co. *v.* Smith.

*Injury to Person on Track.*

(Decided April 9, 1912. Rehearing denied May 1, 1912.
58 South. 429.)

1. *Railroads; Injury to Trespasser; Duty.*—A railroad owes no duty to a child trespassing on its track except to avoid injury after discovery of peril.

2. *Same; Jury Trial.*—Under the evidence in this case the question as to whether the engineer saw the child in time to have prevented the injury by the use of proper means was for the jury.

3. *Charge of Court; Parts of Evidence.*—A court is not required to give a charge which unduly emphasizes a part or parts of the evidence.

4. *Same; Argumentative.*—The court will not be put in error for refusing to give argumentative instructions.

5. *Same; Applicability to Issues.*—Where the issue was whether the child was discovered on the track in time to have avoided injury by due care, and whether after discovery of its peril, it was negligently struck and killed, charges as to the duty of the railroad to look out for the child were not within the issues, and were properly refused.

6. *Same; Covered by Those Given.*—A court will not be put in error for refusing instructions covered by written instructions given.

7. *Evidence; Competency; Statement After Event.*—Statements by the engineer shortly after the accident to the effect that he kept thinking the child would get off the track until it was too late, were not admissible as part of the res gestæ; but where the proper predicate had been laid, testimony of such statement was admissible as contradicting statements made by the witness on the stand contrary thereto.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Albert J. Smith, as administrator, against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 163 Ala. 174, 50 South. 390, 173 Ala. 697, 55 South. 913.

Count 4 alleges the discovery of plaintiff's intestate on the track, by the agents or servants of the defendant operating the train which killed it, in time to have avoided injuring her by the exercise of due care and preventive effort, and that, after a discovery of her peril, they negligently permitted or propelled said locomotive to run against plaintiff's intestate, killing her. The following charges were refused to the defendant: (4) "You may take the testimony of this railroad man, Wilson. You may take into consideration any interest which he might have that would in any way influence his testimony here; but no inference unfair to a man should be drawn because he is in the employ of a railroad company. You will take into consideration the testimony of the plaintiff, and then weigh up the testimony on both sides, and say where, in your judgment, the truth lies, and what your duty is in giving weight to the testimony." (1) "The court charges the jury that, notwithstanding the deceased was a child, he was a trespasser on defendant's track at the time he was struck; and the engineer owed him no duty to keep a lookout." (2) "I charge you that the Smith child was a trespasser; and it was not the duty of the trainmen to keep a lookout for trespassers at the place where the child was killed." (9) "It was not the duty of the trainmen to keep a lookout for trespassers at the place where the child was when he was killed; and I charge you that he was a trespasser." (10) "The trainmen owed the deceased no duty to keep a lookout; and any negligence of the trainmen, sufficient to permit a recovery in this case, must have occurred after the child's presence on the track was discovered by them." (4) "The Smith child was a trespasser on the track; and the defendant's employees were not bound or required to keep any lookout for him at the place where he was killed."

[Southern Railway Co. v. Smith.]

LAWRENCE E. BROWN, for appellant. Under the evidence in this case the affirmative charge should have been given as to count 4, as all the testimony showed clearly that the injury was the result of unavoidable accident and not negligence.—*Harris v. N. C. & St. L.*, 142 Ala. 249; *So. Ry. v. Gullat,* 150 Ala. 318; *So. Ry. v. Drake,* 51 South. 996. On these authorities, charges 1, 2, 9, 10 and 14 should have been given. The court was in error in permitting Mrs. Downs to repeat what the engineer said after the accident.—96 Me. 315; 61 S. W. 626; 73 S. W. 639; 105 Am. St. Rep. 558. Motion for new trial should have been granted.—Authorities supra, and *Fleming v. L. & N.,* 148 Ala. 527; *So. Ry. v. Stewart,* 153 Ala. 272.

VIRGIL BOULDIN, for appellee. Under the evidence in this case the question of negligence after discovery of peril was one for the jury.—*Bush's Case,* 122 Ala. 487; *Shelton's Case,* 136 Ala. 215; *Forrester's Case,* 158 Ala. 484; *Pung's Case,* 161 Ala. 475; *Carlisle's Case,* 166 Ala. 598. The testimony was for impeachment, a proper predicate had been laid without objection, and there was no error in admitting it, whether it was of the res gestae or not.—*Jones v. State,* 141 Ala. 55.

SIMPSON, J.—This is an action for damages on account of the death of the six year old child of the plaintiff (appellee here), caused by its being run over by defendant's train of cars at or near Larkinsville, Ala. The case has been before this court twice before.—*Southern Railway Company v. Smith,* 163 Ala. 174, 50 South. 390, and *Id.,* 173 Ala. 697, 55 South. 913.

On this trial, all of the counts of the complaint, except count 4, were eliminated; and the first insistence of the appellant is that the general affirmative charge should have been given for the defendant.

24—177

While it is clear from the evidence, as held in this case on former appeals, that the child was a trespasser on the track, and the defendant owed him no duty, save to avoid injuring him after discovery of his peril, yet the facts were before the jury as to the distance from the station to the place of the injury, the straightness of the track, the speed at which the train was moving, and the distance within which the train could be stopped, the preventive efforts which were used, and as to whether or not any alarm was sounded. It was therefore for the jury to say whether or not the engineer did see the child in time to have prevented the injury by the use of the proper means. We adhere, then, to the ruling made when this case was last before this court, that there was no error in the refusal to give the general affirmative charge in favor of the defendant.

The court cannot be placed in error for refusing to give charge 4. While it is true that such a charge, given by the court, was approved by the Supreme Court of Michigan (*Lovely v. Grand Rapids & I. Ry. Co.*, 137 Mich. 653, 100 N. W. 894), yet, without deciding whether the court would have been justified in giving said charge, under our decisions the court cannot be required to give such a charge, as it unduly emphasizes a part of the evidence, and is argumentative.—*Bancroft v. Otis*, 91 Ala. 279, 291, 292, 8 South. 286, 24 Am. St. Rep. 904; *Crawford v. State*, 112 Ala. 1, 27, 21 South. 214; *Teague v. State*, 144 Ala. 42, 44, 49, 40 South. 312; *Austin v. State*, 145 Ala. 37, 38, 40, 40 South. 989; *Davis v. State*, 152 Ala. 82, 84, 86, 44 South. 545.

Charges 1, 2, 9, and 14, requested by the defendant, were abstract, as all questions about the duty to look out were eliminated by confining the issue to count 4; and charge 10 was covered by charges 5, 6, and 7, given at the request of the defendant.

[Dickerson v. Schwabacher.]

There was no error in admitting the testimony of Mrs. Dave Downs as to what Wilson, the engineer, said shortly after the injury, to the effect that he kept thinking the child would get off the track until after it was too late. It is true that this testimony was not admissible as a part of the res gestae to show how the injury occurred; but the evident purpose of introducing it was to show statements made by the witness, contrary to what he had stated on the stand. A predicate was laid for the introduction of the testimony for that purpose; and no objection was offered on account of the insufficiency of the predicate, but only on the ground that it was not a part of the res gestae, which, as shown, was not apposite.—*Jones v. State,* 141 Ala. 55, 58, 37 South. 390.

The judgment of the court is affirmed.

Affirmed. All the Justices concur.