# Louisville & Nashville Railroad Co. *v.* Kay.

### *Damage for Injury to Passenger.*

(Decided May 22, 1913.  62 South. 1015.)

1. *Carrier; Passengers; Complaint; Relation.*—Where the action was for forcible ejectment from a station by the night watchman, a complaint alleging that the plaintiff went there with the purpose of buying a ticket to take an early morning train; that the agent told him that he could not sell a ticket just at that time, but if he would wait a little later in the night he would sell him a ticket, is sufficient, although it does not allege that it was a reasonable time before the train was due, as it establishes that he was there on the invitation of the agent to remain until he bought his ticket.

2. *Same; Waiting for Train; Relationship.*—Where a person went to a station at 11 o'clock in the night to purchase a ticket and board a train which left at four A. M., and was told by the agent to wait until he could sell him a ticket, his right to remain in the station did not depend upon whether he went there a reasonable time before the train left, as there was an invitation to remain for the purpose of buying the ticket.

3. *Same; Jury Question.*—Where the evidence was contradictory as to the time the person entered the station to wait for a train, and room for doubt in reasonable minds as to what time before the train was due would be a reasonable time to go there, for that purpose, under the circumstances, the question was one of mixed fact and law, proper to be submitted to the jury under appropriate instructions.

[Louisville & Nashville Railroad Co. v. Kay.]

4. *Same; Evidence.*—In such an action as this, a question to a witness for plaintiff as to the statement by the agent to the plaintiff did not call for hearsay evidence.

5. *Same; Assault; Exemplary Damages.*—Where the entire charge made it plain that plaintiff was not entitled to a verdict unless the proof sustained the allegations of the complaint, the part of the oral charge which stated that if the station watchman used language calculated to insult, the jury might assess punitive damages, provided he was acting within the line and scope of his authority at the time, was not erroneous.

6. *Same; Abusive Language.*—The use of abusive language in ejecting a prospective passenger from a station, tends to show such circumstances of aggravation as to warrant the submission to the jury of the question of punitive damages.

7. *Appeal and Error; Review; Objection.*—Even though evidence was objectionable on a proper ground not pointed out to the court, the admission of such testimony over the objection that it was immaterial, irrelevant and hearsay, does not require a reversal.

8. *Same; Harmless Error; Instructions.*—Where there was evidence that would justify a recovery by plaintiff for being forcibly ejected from a railroad station, even though he went there an unreasonable length of time before the train was due, an instruction submitting to the jury the question whether the time was reasonable or not, and authorizing a recovery only in case they found it to have been reasonable, could not have prejudiced the defendant.

9. *Witnesses; Competency; Credibility.*—Except for the purpose of testing the accuracy or credibility of his testimony, it was immaterial and irrelevant to inquire of a witness why he had abandoned his purpose of taking a train.

10. *Same; Examination; Cross.*—A refusal of the court to permit a witness to be cross-examined as to his reason for abandoning his purpose to take a train, even for the purpose of testing his credibility, was not an abuse of the discretion of the court to limit the scope of the cross-examination, where it was not made affirmatively to appear that such refusal put an undue restraint upon the right to cross-examination.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by R. E. Kay against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 3 alleges, in effect, that defendant was a common carrier of passengers for hire or reward, and that plaintiff was at defendant's regular depot or station house in the city of Birmingham for the purpose of taking passage on one of defendant's train en route to

Montgomery, and then and there applied to defendant's ticket agent, whose name to plaintiff is unknown, for the purchase of a ticket from Birmingham to Montgomery, and that he was informed by said agent, while acting within the line and scope of his employment, that he could not sell him a ticket just at that time, but if he would wait until a little later in the night he would sell him such a ticket, and plaintiff avers that it was late in the night when he applied for such ticket, and that while he was waiting in said waiting room for said ticket agent to sell him said ticket, defendant's night watchman, or other employee of defendant, whose name is unknown to plaintiff, while acting within the line and scope of his employment wrongfully ejected plaintiff from said waiting room, and used abusive words to him in the presence and hearing of divers persons, telling him that he had better get him a bed like other folks, as the waiting room was no place for bums or hoboes. (Here follows catalog of his injuries.) And plaintiff avers that at the time of said wrongful ejectment he was waiting in said waiting room within a reasonable length of time before the said train upon which he was to take passage was due to leave said station.

The question referred to in the second assignment of error is as follows: "In overruling defendant's objection to the following question to the witness Gwin: 'Did the ticket agent make any statement to him about it?' the objection interposed being that it called for immaterial, irrelevant, illegal, incompetent, and hearsay testimony." It appears that he went to the station between 10 and 11 o'clock, and that the train he expected to take left about 4 o'clock the next morning.

The portions of the court's oral charge which were objected to are follows: "I am submitting this question of a reasonable time to you, gentlemen, taking into con-

sideration the circumstances of this case as you heard them from the witnesses. Under all the circumstances of the case, did he present himself there within a reasonable time before the departure of the morning train for Montgomery, on which he says it was his intention in good faith to become a passenger? If he was there a reasonable length of time under all the circumstances of the case, and if he was ejected from the station by the station master, he would be entitled to recover in this case such damages as he may have sustained."

The seventh assignment of error is as follows: Oral charge excepted to. "If he meant by that to say to plaintiff that he was a hobo and a bum, and that was language calculated to insult in that view of the case, you may assess, in your judgment and your discretion what the law calls punitive damages—that is, damages that undertake to punish for an alleged wrong or wrongful act—provided, of course, that the station master was acting in the line and scope of his employment at the time."

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant. The court erred in overruling demurrers to the 3rd count.—*Page v. L. & N.*, 129 Ala. 232; *N. C. & St. L. v. State*, 137 Ala. 349; 2 Hutchison on Carriers, sec. 963; 107 Am. St. Rep. 298. The question of what is a reasonable time for a passenger to enter a station prior to the time of the leaving of his train and the fixing of a consequent duty on the carrier of protection and comfort is a question of law, rather than one of fact.—*Henlein v. B. & P. R. R. Co.*, 9 Am. St. Rep. 676; *Ill. Cent. v. Lalage*, 69 S. W. 795; *Texas Mid. v. Griggs*, 106 S. W. 411. Counsel discuss assignments of error relative to evidence, but without citation of authority. The court in its oral charge left to the jury

the entire question as to whether the plaintiff entered the station an unreasonable length of time before his train left, and whether or not under the circumstances the defendant owed him the protection due a passenger, as to whether that relationship then existed, and in this the court erred.—Authorities supra. Counsel discuss other charges, but cite no additional authority.

GOODWYN & ROSS, for appellee. It does not appear that any demurrers were filed to the amended complaint. —*L. & N. v. Woods,* 17 South. 41. In any event, count 2 was not subject to the demurrers originally interposed. —*M. & C. v. Martin,* 117 Ala. 367; *Armstrong v. Montgomery St. Ry.,* 26 South. 349; *R. R. Co. v. Jones,* 83 Ala. 376. The issue in the case was when did the plaintiff become a passenger, and the question of reasonableness of time, and other questions were of mixed law and fact, properly submitted to the jury under appropriate instructions.—*Brown v. Scarbrough,* 97 Ala. 316; *N. Bir. Ry. Co. v. Liddicoat,* 99 Ala. 550. In any event, at the time of the ejection, plaintiff was entitled to protection as a passenger.—*L. & N. v. Glasgow,* 60 South. 103. The latitude allowed on cross-examination is largely in the discretion of the court.—*Nobbin v. State,* 100 Ala. 13; *So. Ry. v. Brantley,* 132 Ala. 655. The court's oral charge should be construed as a whole, and when so construed it is correct.—*A. G. S. v. Hill,* 9 South. 722.. If the language testified to was used to the plaintiff, it constituted a basis for punitive damages. *L. & N. v. Bizzell,* 131 Ala. 429.

WALKER, P. J.—It is contended for the appellant that the third count of the complaint, upon which alone the case went to the jury, was subject to demurrer, on the ground suggesting its failure to show that the injury

complained of occurred within a reasonable time before the departure of the train on which the plaintiff proposed to take passage. It is argued that the averment of the count on this subject was merely a statement of the conclusion of the pleader. If this is conceded, still it does not follow that the count was subject to demurrer on the ground mentioned. Its averments show that prior to the time of the commission of the wrong complained of, the plaintiff was in the waiting room of the defendant's depot at Birmingham, and there applied to the defendant's ticket agent for the purchase of a ticket to the place to which he desired to go, and was informed by the ticket agent that he could not sell him a ticket just at that time, but that if he would wait until a little later in the night he could sell him the ticket desired, that it was late in the night when this occurred, and that while plaintiff was waiting in said waiting room for the ticket agent to sell him the ticket, he was by another employee of the defendant, acting within the line and scope of his employment, subjected to the mistreatment which is complained of. These averments sufficiently show that at the time of the commission of the alleged wrong the plaintiff was in the defendant's waiting room by the implied, if not express, invitation of the ticket agent for him to remain there until he was afforded an opportunity to buy the desired ticket. Being there at that time upon the invitation of the defendant to do business with it, the latter owed him a duty not to subject him to such mistreatment as that complained of, whether or not he had acquired the right to remain in the waiting room until the arrival of the train he expected to take.—*Louisville & Nashville R. Co. v. Glasgow,* (Sup.) 60 South. 103; Elliott on Railroads, §§ 1258, 1641.

The court cannot be put in error for its action in overruling the objection of the defendant to the question asked the witness Gwin, which is referred to in the second assignment of error. The objection was a general one, except in that it suggested that the question called for hearsay testimony, which it did not do. The question did not call for testimony plainly illegal and irrelevant, and it was not objected to on the ground now pointed out in argument.—*Alabama City, G. & A. Ry. Co. v. Ventress,* 171 Ala. 285, 54 South. 652.

What caused the plaintiff's witness Swann to abandon the purpose, which he stated he had when he went to the station, of taking a train to Attalla was not a fact relevant to any issue in the case. If an inquiry as to this matter was permissible at all, it was for the purpose of testing, on the cross-examination of the witness, the accuracy or credibility of his testimony. The scope of the cross-examination for such purpose rests largely in the discretion of the trial court.—*Southern Railway Co. v. Brantley,* 132 Ala. 655, 32 South. 300. It is not made to appear that the court, in sustaining the plaintiff's objection to the question as to what made the witness change his mind about going to Attalla the next morning, abused its discretion, or thereby put an undue restraint upon the exercise by the defendant of its right of cross-examination.

It is contended in behalf of the appellant that the question as to whether or not the plaintiff presented himself at the defendant's station, and was ejected therefrom, within a reasonable time before the departure of his train was a question of law for the court, and not a question of fact for the jury, and that the court erred in the parts of its oral charge which were excepted to, by which this question was left to the jury. There was evidence tending to support the averments of the

complaint above referred to. This being true, then, so far as the plaintiff's right to maintain the action was dependent upon his showing the rightfulness of his presence in the defendant's station at the time of the occurrence complained of, the evidence to be looked to was not only that as to the length of time then to elapse before the train he proposed to take was due, but also that tending to prove that he had been expressly or impliedly invited to remain until the ticket agent was ready to sell him a ticket.

If the question of the rightfulness of the plaintiff's presence in the station had been dependent alone upon his showing that he went there within a reasonable time before the train he was to take was due, as the evidence was not clear and undisputed as to what that time was, and as it could not be said that there was no room for doubt in reasonable minds as to what specific period should be regarded as a reasonable time under the circumstances disclosed, it seems that the question as to what was a reasonable time might well have been regarded as one of mixed law and fact, proper to be submitted to the jury under appropriate instructions from the court.—*Tallassee Falls Mfg. Co. v. Western Railway of Ala.*, 128 Ala. 167, 29 South. 203; Jones on Evidence, § 175; 5 Am. & Eng. Ency. of Law (2d Ed.) 270. But when not only the evidence bearing upon this inquiry, but the conflicting evidence as to the plaintiff's being in the station at the time by the defendant's invitation, express or implied, for the purpose of doing business with it, might be looked to in determining whether or not he was in the waiting room, under circumstances entitling him to complain of the alleged mistreatment, the conclusion seems to be well warranted that the question as to whether or not he was rightfully there at that time so far involved disputed matters of fact as to make

it one proper to be submitted to the jury, under appropriate instructions of the court as to the principles of law to be applied in determining it.

At any rate, as the evidence in the case was not such as to justify the court in saying, in effect, on the theory that it showed without dispute that the plaintiff went to the station an unreasonable length of time before his train was due, that it did not show that the defendant owed him a duty at the time of the occurrence complained of, the defendant could not have been prejudiced by instructions under which the plaintiff could not recover unless the jury should find from the evidence that he went to the station within what the jury found to be a reasonable time before his train was due.

We find no error in the part of the oral charge which is referred to in the seventh assignment of error. The part excepted to is to be considered in connection with other parts of the charge. In other parts of its charge the court made it plain that the plaintiff was not entitled to a verdict except by sustaining the averments of his complaint. The evidence of the use of abusive or derogatory language in reference to the plaintiff tended to show such circumstances of aggravation as to warrant the submission to the jury of the question of awarding punitive damages.—*Sparks v. McCreary,* 156 Ala. 382, 47 South. 332, 22 L. R. A. (N. S.) 1224. *Garrett v. Sewell,* 108 Ala. 521, 18 South. 737.

What already has been said sufficiently indicates the grounds of the conclusion that neither of the other assignments of error can be sustained.

Affirmed.