[Baker v. Britt-Carson Shoe Co.]

# Baker *v.* Britt-Carson Shoe Co.

## *Assumpsit.*

(Decided November 7, 1914.   66 South. 475.)

1. *Justice of the Peace; Pleadings.*—In the justice court, no particularity is required as to pleading, and the action of the court in overruling demurrers to a complaint containing the common count for balance due for goods sold; account; interest due on account, and for error as to invoice, was not erroneous.

2. *Appeal and Error; Harmless Error; Striking Pleading.*—Where a party had the benefit of the same defenses by plea which was not stricken, no harm resulted from the striking of other pleas setting up the same defense.

3. *Pleading; Striking Plea.*—It is proper to strike frivolous pleas on motion made to that end.

4. *Account; Evidence; Best and Secondary.*—Where the action was for the balance due on account, it is competent to permit a witness to testify that he had a statement of all the items introduced in evidence when he went over the account with defendant; this not being an attempt to prove the contents of the written statement, but only to prove its existence so as to make it an agreed or stated account at the time the parties went over the account.

5. *Same.*—Where defendant introduced a letter written plaintiff enclosing a check to be applied to his old account, promising to pay the balance, and asking that a note be sent to close up the invoices of certain purchases, and plaintiff introduced a letter in reply stating that the check had been placed to defendant's credit, that a note was enclosed as requested, and that another note for the balance of the old account with interest to date was also enclosed, it was competent to introduce evidence as to the authenticity of this last letter, and that it was properly directed, mailed, etc., such letter making a sufficient predicate for proof as to the amount due on the account at the date of the letters.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Assumpsit by the Britt-Carson Shoe Company against D. W. Baker. Judgment for plaintiff and defendant appeals. Affirmed.

RIDDLE, ELLIS & RIDDLE, and RIDDLE & BURT, for appellant. Interest is not allowed on running accounts

so long as they are open, and remain open and unliquidated in the absence of some statutory provision or some contract of the parties to that effect.—22 Cyc. 1015. Interest does not constitute a distinct claim, and can only be recovered with the principal.—22 Cyc. 1571. Motion to strike is not the proper way to reach defects in pleading.

JOHN A. DARDEN, for appellee.   There was no error in the action of the court either as to the pleadings, or the admission of evidence.—§ 4622, Code 1907; *McQueen v. Whetstone,* 127 Ala. 418.   It is proper to strike immaterial or frivolous pleas.—*Dix v. Belserd,* 80 Ala. 369. Interest is recoverable as a matter of law.—§§ 4619, 4620, Code 1907; *Motlow v. Johnson,* 151 Ala. 276; *Flinn v. Barbour,* 64 Ala. 193.

MAYFIELD, J.—Appellee sued appellant in a justice court, and there obtained a judgment.   Appellant appealed to the circuit court, where the case was tried de novo.   The circuit judge directed a verdict for the plaintiff, and judgment was rendered thereon, from which judgment this appeal is prosecuted.

The action in the justice court was in assumpsit, claiming on the common counts: (1) for balance due for goods sold and delivered; (2) on account; (3) for interest due on account; (4) for interest due on accounts, with the facts and the dates; (5) for error as to an invoice of goods sold.   Demurrers were properly overruled as to each count.   The counts were each good, if the action had been originally brought in the circuit court, and of course were sufficient in a justice court, where no particularity is required as to pleadings.

The defendant filed nine pleas, the last seven of which were special.   The circuit court on motion struck all the

pleas except plea 1, the general issue, and special plea 4. If there was any error as to this ruling, it was as to pleas 2, 3, 5, and 6; and as to these it clearly appears to have been without possible injury. Pleas 7, 8, and 9 were frivolous, and were properly stricken. Plea 4 was but another way of raising the general issue, which plea 1 raised. Pleas 2, 3, 5, and 6 attempted to set up the same defense as that set up in plea 4. Plea 4 was as follows: "That the said account is for interest on an open account between the plaintiff and the defendant, during the years 1907, 1908, and 1909, and at various and sundry times during said years the plaintiff and defendant had settlements, and the defendant paid the plaintiff in full of his said account with the plaintiff, and that not until this defendant had paid the plaintiff in full of what the said defendant was indebted to the plaintiff did the plaintiff make known to the defendant that there was any interest due by this defendant, which notice was given to the defendant long after this defendant had paid the plaintiff in full of his account with the plaintiff, and which notice was given this defendant on or about the 12th day of October, 1909."

The plaintiff, on the trial, added counts A, B, and C. They were not different in any respect from the original counts, and, being practically in Code form, were sufficient. The evidence did not prove plea 4 as claimed by appellant, and he was not entitled to the general affirmative charge as to this plea.

There was no error in overruling defendant's objection to the question to the witness Britt as to whether he had a statement of all the items introduced in evidence when he went over the account with the defendant, nor in declining to exclude the answer thereto that the witness brought the statement when he came. This was not an attempt to prove the contents of the written

statement, but only to prove its existence at the time the parties went over the accounts, so as to make it an agreed or stated account at that time. The accounts were in evidence and spoke for themselves, and this did not tend to contradict them.

The defendant introduced a letter from the defendant to the plaintiff, which was as follows: "Goodwater, Alabama, July 26, 1909." "Britt-Carson Shoe Company, Columbus, Georgia—Gentlemen: Inclosed please find check for $50.00 to apply to my old account. I will send you the balance on my old account just as soon as I can. Rest easy I will pay you every cent I owe you. Please send me note to sign to close up invoices of purchases in March and April, making same payable on November 1st, after date." "Yours very truly, D. W. Baker."

The plaintiff introduced a letter in response to the above letter as follows: "July 26, 1909." "Mr. D. W. Baker, Goodwater, Ala.—Dear Sir: We are in receipt of your favor of even date, with check for $50.00, which we have passed to the credit of your account, with thanks. We are also complying with your request as to the purchases in March and April, and are inclosing note for $285.25, which includes interest, as well as principal, for these two invoices, same payable November 1st, as you request, and in order to get our books in balance, as well as our needing this paper, we inclose another note for the balance of the old matter, which, with interest to due date, amounts to $110.20. We would appreciate your prompt attention, as we want to use these papers Wednesday." "Yours very truly, Britt-Carson Shoe Co."

There was no error in showing the authenticity of this letter and that it was properly directed, mailed, etc.; nor was there any error in allowing the plaintiff to prove the amount due at the date of these letters. The

[Meador v. Evans.]

letter clearly made a sufficient predicate for the proof. The plaintiff then introduced a number of other letters tending to show that the stated balance, with interest, was not paid when due and as promised in the letter.

The only contested questions on the trial were whether or not the defendant was liable for interest on his old account, after it was due, and, if liable, whether or not he had paid it. On the undisputed facts he was liable for interest as matter of law, and these facts show that he had not paid the interest. The court, therefore, properly gave the affirmative charge for the plaintiff.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.