(76 South. 54)

HUNTSVILLE KNITTING MILLS v. BUTNER. (8 Div. 929.)

(Supreme Court of Alabama. May 24, 1917.)

1. APPEAL AND ERROR ⚙⟶544(1) — REVIEW — GRANTING OF MOTION TO STRIKE PLEAS.

Where a record disclosed that pleas 2 and 3 were filed on a stated date, whereas the judgment entry on second trial recites that "pleas heretofore filed" were withdrawn and no other pleas are shown to have been filed except by a recital in the judgment entry that "whereupon defendant files pleas 1, 2, and 3, and plaintiff moves the court to strike 2 and 3, which motion is granted by the court," and the action of the court in striking the pleas is not presented by a bill of exceptions, and the ruling appears only by such recitals of the judgment entry, and is not shown by motion in writing or as a part of the record, as provided in Acts 1915, p. 598, the ruling of the court striking such pleas was not shown by the record to be erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2412.]

2. PLEADING ⚙⟶339—PLEAS—WITHDRAWAL—NECESSITY OF REFILING.

If a defendant relied on pleas theretofore withdrawn, they should have been refiled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1033–1045.]

3. PLEADING ⚙⟶341 — PLEAS — DEMURRER — MOTION TO STRIKE.

The sufficiency of a plea should be tested by demurrer, whereby its defects are pointed out, and an opportunity given for amendment, which right defendant is denied by a motion to strike.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1046, 1047.]

4. APPEAL AND ERROR ⚙⟶679(2) — RECORD — MATTERS TO BE INCLUDED—PLEAS—MOTION TO STRIKE.

The appellate court cannot say that pleas stricken by the trial court were not frivolous, irrelevant, or prolix in the absence of such plea.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2878–2879.]

5. APPEAL AND ERROR ⚙⟶1042(1)—REVIEW—REVERSIBLE ERROR.

The action of a trial court in striking pleas is not reversible error, where no facts are alleged in such pleas which are not available under the general issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4110.]

6. PARENT AND CHILD ⚙⟶7(13)—ACTION FOR INJURIES TO CHILD—JURY QUESTION.

In an action by father for damages for injuries to his minor son, whether the father of the injured minor gave instructions that the boys should not be employed at the wringer which caused his injury, held for the jury.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 98.]

7. TRIAL ⚙⟶252(11)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where it was without dispute that the boy was not emancipated, and that the father employed him to the defendant, charges that if plaintiff emancipated his son before the injury he cannot recover, and that if before the injury occurred the wages due the son were paid the son with knowledge of the father, and the father made no objection thereto, such fact might be considered in determining whether or not the plaintiff had emancipated his son, and that if he had so emancipated him before the injury verdict should be for the defendant, were properly refused as abstract or misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603.]

8. TRIAL ⚙⟶244(2)—INSTRUCTIONS—SINGLING OUT EVIDENCE.

In an action by father for damages for injuries to his minor son, a charge that if the son's wages were paid to the son with knowledge of the father, and the father made no objection thereto, that fact may be considered by the jury in determining whether the plaintiff had emancipated his son, and if he had so emancipated him before the injury, verdict should be for defendant, was properly refused as singling out and giving undue prominence to a part of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 578.]

9. TRIAL ⚙⟶252(11)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In a father's action for damages for injuries to his minor son, an instruction containing the hypothesis that if defendant entered into a contract with the plaintiff for employment of his son without plaintiff's specifying any particular work in which the son might be engaged was abstract as not based on the evidence, and misleading in view of the rule that knowledge on the part of the parent that his son is employed in a mill and failure to object thereto does not carry the implication that the parent consents to the son's being put in dangerous work when the parent does not know the particular work in which the son is engaged, and that the parent has the right, based on the previous employment of the son, to assume that the son is employed on less dangerous work.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603.]

**10. APPEAL AND ERROR ⬅1033(3), 1048(5)— REVIEW—PREJUDICIAL ERROR.**

The overruling of a valid objection to a question that was not answered or was answered favorably to the party objecting is not prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4054, 4055, 4143, 4151, 4158, 4159.]

**11. TRIAL ⬅76 — EVIDENCE — OBJECTIONS — TIME FOR MAKING.**

The practice of objecting to testimony after it is before the jury cannot be sanctioned when there was opportunity and failure to object to the questions that elicited it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 172, 183–190, 237.]

**12. PARENT AND CHILD ⬅7(12)—EVIDENCE—ADMISSIBILITY.**

In an action by father for damages for injury to his minor son, questions asked the father, "What is turning ribs?" and "Are there any wheels, or any machinery about the rib business that you can come in contact with, or that can catch you or hurt you in any way?" although incomplete standing alone, when taken with the added question, "Just describe machinery, and tell what is there, if anything," call for proper explanatory material evidence touching the nature of the machinery and its method of operation, and whether or not to run the machine was dangerous.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 97.]

**13. TRIAL ⬅83(2)—OBJECTION TO EVIDENCE —METHOD.**

The objection to a question that it was "insufficient" does not comply with the rule as to interposing objection to material evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 199.]

**14. PARENT AND CHILD ⬅7(12)—INJURIES TO CHILD—EVIDENCE—ADMISSIBILITY.**

In father's action for damages for injuries to his minor son, where one of the issues in the case was whether "turning ribs" and work on the wringer machine were one and the same act, or were two different acts involving different hazards, there was no error in overruling defendant's objections to questions calling for a description of the wringer, and how it was operated, and as tending to afford a basis for the conclusion of the jury of the liability of defendant under the contract of employment of plaintiff's minor son.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 97.]

**15. APPEAL AND ERROR ⬅231(7)—OBJECTION AT TRIAL—EVIDENCE—GENERALITY.**

In a father's action for injuries to his minor son, general objections to questions calling for a description of a wringer, and how it was operated, and exceptions to the court's ruling overruling the defendant's objection to the questions, without more, were not sufficient to present such rulings for review, and assignments of error thereto were not well taken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1439; Trial, Cent. Dig. § 194.]

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Action by Newt Butner against the Huntsville Knitting Mills for damages for injuries to his minor son. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 194 Ala. 317, 69 South. 960; 198 Ala. 528, 73 South. 907.

Most of the facts sufficiently appear. The following charges were refused to defendant:

(1) If the jury believe from the evidence in this case that plaintiff emancipated his son Mason Butner before the injury in this case occurred, he is not entitled to recover.

(2) If the jury find from the evidence in this case that the wages due the said Mason Butner, before the injury occurred, were paid to said Mason, and with the knowledge of plaintiff, and plaintiff made no objection thereto, then the jury may look to this fact to determine whether or not plaintiff had emancipated his son Mason, and if he had so emancipated him before said injury occurred, then the verdict of the jury should be for defendant.

Charge 6 sufficiently appears.

The assignments of error referred to in the opinion are as follows:

The questions and answer above referred to, as to the ribs and the wringer, and as to their operation and speed while running.

Cooper & Cooper, of Huntsville, for appellant. R. E. Smith, of Huntsville, for appellee.

THOMAS, J. This is the second appeal in this cause. See decision of first appeal reported in 194 Ala. 317, 69 South. 960.

The facts and issues on this appeal are so nearly identical with those passed upon on the former appeal that the summary of the complaint and cause of action noted in the first opinion is applicable here. The several counts were practically and in effect the same in averment. The suit was to recover damages for personal injuries to plaintiff's minor son; the gravamen of the action being that defendant employed plaintiff's son in a dangerous business, without plaintiff's consent. Defendant originally filed demurrers to the complaint, of dates October 13 and November 18, 1914. The judgment entry (of date February 15, 1916) recites:

"Plaintiff amends count 2 by striking out the words, 'causing him intense suffering resulting in his permanent injury,' whereupon defendant withdraws demurrers and pleas heretofore filed, and files demurrers to the complaint, which demurrers being considered and understood by the court, are by the court overruled and disallowed. Whereupon defendant files pleas," etc.

There is nothing in the record to show what the demurrers were, which were last filed to the complaint and were overruled by the court. The record also fails to disclose whether either or both of the demurrers originally filed to the complaint were refiled; and were the demurrers that were overruled by the court as recited in the judgment entry. We have, however, examined the first, third, and fourth counts of the complaint, and conclude that they were not subject to the demurrer originally filed thereto.

[1] The court committed no error, as shown by this record, in striking pleas Nos. 2 and 3. The record discloses that pleas 2 and 3 were filed March 18, 1914, whereas the judgment entry on second trial recites that "pleas

heretofore filed" were withdrawn. No other pleas appear thereafter to have been filed, except by the recital in the judgment entry as follows:

"Whereupon defendant files pleas 1, 2, and 3, and plaintiff moves the court to strike 2 and 3, which motion is granted by the court."

The action of the court in striking these pleas is not presented by bill of exceptions. Weller & Sons v. Rensford, 185 Ala. 333, 64 South. 366; Lynn v. Bean, 141 Ala. 236, 37 South. 515. This ruling appears only by the foregoing recitals of the judgment entry. It is not shown by a motion in writing, nor as a part of the record, as provided in the act of September 18, 1915 (Gen. Acts 1915, p. 598).

[2] If the defendant relied upon any of the pleas theretofore withdrawn, they should have been refiled. L. & N. R. R. Co. v. Wood, 105 Ala. 561, 17 South. 41; B. R. L. & P. Co. v. Fox, 174 Ala. 657, 668, 56 South. 1013; C. of G. Ry. Co. v. Ashley, 160 Ala. 580, 49 South. 388; Syson Timber Co. v. Dickens, 146 Ala. 471, 40 South. 753. Nothing is presented for review by the ruling of the court.

[3-5] However, the sufficiency of a plea should be tested by demurrer. Thus are its defects pointed out, and opportunity given for amendment. This right a defendant is denied by a motion to strike. We cannot say however, in the absence of the pleas, that they were not frivolous, irrelevant, or prolix. Dalton v. Bunn, 137 Ala. 175, 34 South. 841; L. & N. R. R. Co. v. Smith, 163 Ala. 141, 50 South. 241. If, however, as asserted by defendant, pleas 2 and 3 appearing in the record, were the ones stricken, no reversible error could result, for as said on former appeal of these very pleas no facts are alleged which are not available under the general issue. Huntsville Knitting Mills v. Butner, supra (194 Ala. 325, 69 South. 960); Clarady v. Abraham, 174 Ala. 130, 56 South. 720; Bynum v. Gold, 106 Ala. 427, 17 South. 667; Richardson v. Stephens, 114 Ala. 238, 21 South. 949; Baker v. Britt-Carson S. Co., 188 Ala. 225, 66 South. 475; Garner v. Morris, 187 Ala. 658, 664, 65 South. 1000.

[6] Under the evidence in this case it was a question for the jury whether the father of the injured minor gave instructions that the boy should not be worked at the instrumentality—the wringer—causing his injury. Huntsville Knitting Mills v. Butner, supra. The court committed no error in denying the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738; N., C. & St. L. Ry. v. Crosby, 194 Ala. 338, 70 South. 7.

[7, 8] Charges 1 and 2, requested by the defendant, were properly refused. It was without dispute that the boy was not emancipated, and that the father employed him to the defendant. Practically the only question of fact at issue was whether the wringer was a part of the "rib job," and whether the plaintiff instructed the defendant not to en-

gage his son at work on the wringer. These charges were abstract or misleading. Mobile County v. Linch, 73 South. 423;[1] Southern Railway Co. v. Smith, 177 Ala. 367, 58 South. 429. Moreover, right of action is given by the statute (Code, § 2484) for an injury to a minor child "a member of the family," and there is no failure of evidence that said minor was a member of plaintiff's family at the time his injury was sustained. In addition, charge 2 singled out and gave undue prominence to a part of the evidence.

[9] The twenty-third assignment of error is based on the refusal of defendant's written charge No. 6. The charge is abstract, in that the hypothesis therein contained—"If the jury find from the evidence that [defendant] * * * entered into the contract with the plaintiff for the employment of his son * * * without [plaintiff's] specifying any particular work" in which the son might be engaged—is not supported by the evidence. Mobile County v. Linch, supra. Defendant insists that the charge should have been given under the authority of Marbury Lumber Co. v. Westbrook, 121 Ala. 179, 25 South. 914. The effect of that decision was, that knowledge on the part of the parent that a son is employed about a mill, and failure to object thereto, does not carry the implication that the parent consents to the son's being put to dangerous work, when the parent does not know the particular work in which the son is engaged; and that the parent has the right, based on the previous employment of the son, to assume that the son "is employed on less dangerous work." Tested by this rule the charge, even if it had been supported by the evidence, would have been misleading. Warrior Mfg. Co. v. Jones, 155 Ala. 379, 46 South. 456; Dimmick Pipe Works v. Wood, 139 Ala. 282, 35 South. 885.

[10] Assignments 25, 27, and 31 challenge rulings of the court as to the competency of certain questions propounded by plaintiff to one of his witnesses. It is settled law that the overruling of a valid objection to a question that was not answered, or was answered favorably to the party objecting, is not prejudicial error. Cooper v. Slaughter, 175 Ala. 211, 57 South. 477; Monteith v. State, 161 Ala. 18, 49 South. 777; B. R., L. & P. Co. v. Baker, 161 Ala. 135, 49 South. 755, 135 Am. St. Rep. 118, 18 Ann. Cas. 477.

[11] The objection after answer, to the evidence, came within the rule of Seaboard Air Line v. Mobley, 194 Ala. 211, 219, 69 South. 614. The practice cannot be sanctioned, of objecting after the testimony is before the jury, when there was opportunity and failure to object to the questions that elicited it. Moreover, in this instance, no proper motion to exclude the evidence objected to was made.

The plaintiff, as a witness, detailed the terms of the agreement to his son's employment, covering the duties which his son was expected to perform, as follows:

[1] 198 Ala. 57.

"I consented for Mason to work on a certain machine in the mill. Mr. Estes, dyeroom boss, wanted a boy to turn ribs, and he came to the shop where I was and asked about Mason, could he get him to turn ribs. I talked with him a little and told him that he could. I told him the evening when he first spoke to me that Mason could turn ribs, and the next morning, Mason went to the mill before I did. When I got there, Mr. Estes was at the gate and locking the gate, and I waited in the fleece room upstairs until Mr. Estes came and had a little talk with him. I told Mr. Estes that Mason could work on this job [rib job], but not to let him go down and work on the wringer machine."

Witness was then asked, as explanatory of this testimony, "What is turning ribs?" After making reply, the plaintiff was asked, "Are there any wheels, or any machinery about the rib business that you can come in contact with, or that can catch you or hurt you in any way?" and on objection by the defendant, plaintiff's counsel added, "Just describe machinery, and tell what is there, if anything?" Defendant again objected to the question, on the ground that it was "insufficient."

[12, 13] It may be that, standing alone, the addition to the question was incomplete. When, however, this addendum is referred to the former question, it is obvious that it became a part thereof, and called for proper explanatory material evidence, touching the nature of the machinery and its method of operation, and whether or not to run the machine was dangerous. Moreover, the objection to the question that it was "insufficient" does not comply with the rule as to interposing objection to immaterial evidence. L. & N. R. R. Co. v. Kay, 8 Ala. App. 562, 62 South. 1014.

[14, 15] No error was committed in overruling defendant's objections to questions calling for a description of the wringer, and how it was operated. One of the issues in the case was whether "turning ribs" and working the wringer machine were one and the same act, or were two different acts involving different hazards. Huntsville Knitting Mills v. Butner, supra. Clearly, this evidence was for the jury, as tending to afford a basis for the conclusion of the jury of the liability vel non of defendant under the contract of employment of plaintiff's minor son. Moreover, the general objections to these questions, and exceptions to the court's rulings, without more, were not sufficient to present such rulings for review. The answers were not only not patently incomplete and irrelevant, but were responsive to the issue. A. C., G. & A. Ry. Co. v. Ventress, 171 Ala. 285, 54 South. 652; L. & N. R. R. Co. v. Kay, supra; Southern Railway Co. v. Jordan, 192 Ala. 528, 68 South. 418.

Assignments of error 28, 29, 30, 32, and 33 are not well taken.

No prejudicial error having intervened in the trial, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

---

(76 South. 57)

SLOSS-SHEFFIELD STEEL & IRON CO. v. O'REAR et al. (6 Div. 69.)

(Supreme Court of Alabama. May 17, 1917.)

1. EMINENT DOMAIN ⬤⟲6—POWERS OF PERSONS OR PARTNERSHIPS.
Under Code 1907, § 3485, providing that mining, manufacturing, power and quarrying companies may acquire lands by condemnation for certain purposes, power of eminent domain cannot be exercised by an unincorporated partnership.
[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 24–50.]

2. EMINENT DOMAIN ⬤⟲8—STATUTES—CONSTRUCTION.
Code, § 3860, relating to eminent domain, does not grant the right to condemn, but only purports to prescribe the "mode," the place, and method of proceeding, where the right to condemn has been in fact conferred or delegated.
[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 25, 30, 34, 43, 44.]

3. EMINENT DOMAIN ⬤⟲10(1) — DELEGATION OF POWER—CLASS LEGISLATION.
It is within the discretion of the Legislature to say who may exercise the power of eminent domain, and hence Code, § 3485, confining its exercise to corporations, is not unconstitutional.
[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 35, 37, 39–48.]

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Proceeding by Guy V. and G. D. O'Rear against the Sloss-Sheffield Steel & Iron Company. Judgment for petitioners, and respondent appeals. Reversed and rendered.

Tillman, Bradley & Morrow and L. C. Leadbeater, all of Birmingham, for appellant. Lacy & Lacy and Gray & Wiggins, all of Jasper, for appellees.

one hundred feet in width throughout the length of such railways, tramways, canals, aqueducts, tunnels, underground passages, or roads."