# Hunt *v.* Preferred Accident Ins. Co. of New York.

## *Action on Insurance Policy.*

(Decided April 21, 1911.    Rehearing denied May 5, 1911.
55 South 201.)

1. *Insurance; Contracts; Policies.*—A warranty, endorsed on a policy and referred to in the body thereof as endorsed thereon, is plainly expressed in the policy, within the requirements of section 4579 Code 1907.

2. *Same; Application; Warranties; Falsity.*—An applicant for insurance agrees by necessary implication that the statements are material, when based upon a statement of facts warranted to be true, and the falsity of such statement bars a recovery on the policy issued on such application.

3. *Same; Action on Policy; Plea; Sufficiency.*—In an action on an insurance policy, as an answer thereto, a plea which avers that the application therefor recited that insured applied for a policy to be based on a statement of facts warranted to be true, and which undertakes to set out the balance of the contract in its entirety, according to its legal effects and which alleges that the statement and warranty were untrue in enumerated particulars, sufficiently avers a warranty and a breach thereof, as against a demurrer.

4. *Pleading; Contracts; Legal Effect.*—Contracts may be pleaded according to their legal effect.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. C. Hunt against the Preferred Accident Insurance Co., of New York.   Judgment for defendant and plaintiff appeals.   Affirmed.

Plea N3 is as follows: "Defendant, for answer to the complaint and each count thereof separately and severally, pleads and says: That plaintiff made an application in writing, signed by him, for said policy sued for. That said application contained the following provision: 'I hereby apply for the policy, to be based upon the following statements of fact, all of which I hereby warrant to be true and complete.' That it was further provided in said application that said application, together with the warranty, should be the basis of the contract between defendant and insured. And defendant further avers that it was and is provided in and by said policy that the same was issued in consideration of the agreements and statements in the schedule of warranties thereon, and that said insured warranted said statements to be true by the acceptance of such policy, and which were made a part thereof, and in consideration of the annual premium. And defendant avers that in and by said schedule of warranties upon said policy it was and is provided that the issuance of said policy was based upon the statement of facts set forth in said schedule, all of which were warranted therein by said insured to be full and complete; that it was further provided in said schedule that the application made by the insured and the warranties contained in the said schedule, together with the premium paid by him, should be the basis of such contract. And defendant avers that in said application plaintiff stated that he had not been disabled, nor had he received medical or surgical attention, during the seven years preceding the same, except in 1904, for carbuncle, lasting ten days. And defendant avers that it was stated in said schedule of warranty on said policy that plaintiff had not been disabled, nor had he received medical or surgical attention, during the past seven years, except as

follows: In 1904, for carbuncle, lasting ten days. And defendant avers that said statement and warranty are untrue, in this: That during the two years prior to October 3, 1908, plaintiff was laid up about three days with a fistula, and then and there received medical and surgical attention therefor. And defendant avers that it has received no part of said premiums of said policy. Wherefore defendant says that by reason of said untrue statement, and breach of said warranties, said policy was and is null and void. Wherefore it is not indebted to plaintiff."

COLEMAN, DENT & WEIL, for appellant. The pleas are defective in that they fail to properly allege that the statements complained of as being untrue were warranted or were material to the risk.—*Ala. G. L. I. Co. v. Johnson,* 80 Ala. 467; *Provident S. L. A. Society v. Pruett,* 141 Ala. 688; s. c. 157 Ala. 540. The pleas are defective in failing to show that the statements complained of as untrue were contained in the policy itself. —*Manhattan L. I. Co. v. Verneuille,* 156 Ala. 592.

HILL, HILL & WHITING, for appellee. The pleas are not defective in the matter first contended for by appellant.—4 Ency. P. & P. 916, 2 Mayfield, Sec. 849, and authorities cited by appellant. The pleas are not defective on the grounds set out in the second attack made thereon by appellant.—Sec. 4579, Code 1907.

SAYRE, J.—This suit was brought by appellant on a policy of health insurance. Errors are assigned on the judgment of the court overruling demurrers to pleas designated in the record as "N3," "O4" and "Q6." So far as concerns the objections taken to them, these pleas are substantially the same, and it is conceded on all hands that there is no occasion to discriminate be-

tween them. To avoid prolixity we will deal with the plea called "N3."

There is no allegation of fraudulent misrepresentation. The evident purpose of the plea is to set up a breach of warranty made by the assured, and in consideration of which the assured procured the policy to be issued to him. We deal with those grounds of demurrer which have been noticed in appellant's brief. The demurrer alleges the plea to be defective, because it fails to show that the warranty alleged to have been breached was indeed a warranty, and because, having been made in the application for the policy, the plea fails to show that the warranty was plainly expressed in the policy as required by section 4579 of the Code of 1907.

To consider these objections to the plea in the inverse order of their statement, it shows that the warranty averred to have been breached by the plaintiff was contained in the application for insurance, and in a schedule of warranties indorsed upon the policy. The language of the plea is: "And the defendant further avers that it was and is provided in and by said policy that the same was issued in consideration of the agreements and statements in the schedule of warranties thereon. * * * And defendant avers that in and by said schedule of warranties upon said policy it was provided," etc. In agreement with appellant's counsel, we construe this to be an allegation that the warranty pleaded was indorsed upon the policy—upon the paper writing which evidenced the contract between the parties. But we cannot agree that such indorsement does not meet the requirement of section 4579 of the Code, which provides that "no life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy con-

tract, other than is plainly expressed in the policy issued thereon." In *Manhattan Life Ins. Co. v. Verneuille*, 156 Ala. 592, 47 South. 72, upon which appellant relies, the ruling was that the statute forbids that warranties or other stipulations in an application for insurance shall be made a part of the policy by reference merely. The purpose of the statute is to put the assured in possession of the entire evidence of his contract. To hold that a warranty indorsed upon a policy of insurance, and referred to in the body of the policy as indorsed thereon, is not clearly expressed in the policy, would involve an excessively narrow and unreasonable construction of the statute. Without going beyond the exigency of the case at hand, we hold that the plea was not deficient in the respect here insisted upon.— *Satterfield v. Fidelity Mutual Life Ins. Co.*, 171 Ala. 429, 55 South. 200.

The plea avers that the application for the policy contained the following provision : "I hereby apply for a policy, to be based upon the following statement of facts, all of which I hereby warrant to be true and complete." As for the rest of the contract, the plea undertakes to set it out in its entirety according to its legal effect. It is not alleged in terms that the statement complained of as untrue was material to the contract; but it is alleged that the assured warranted the statement to be true, and that it was made the basis of the contract into which the defendant entered on consideration of the warranty and the premium. When the assured warranted the statement to be true, he by necessary implication agreed that it was material. Its falsity would therefore, under the law, bar him of any recovery on the contract.—*Alabama Gold Life Ins. Co. v. Johnston*, 80 Ala. 467, 2 South. 125, 59 Am. Rep. 816.

The argument for reversal is planted upon the case of *Provident Savings v. Pruett,* 141 Ala. 688, 37 South. 700. In that case the defense was that there had been a breach of warranty. The allegation of the plea was that the application and policy provided, "among other things," that the statements and representations contained in the application should be deemed material to the contract. Neither the language nor the legal effect of those other things which were referred to, nor the language nor the legal effect of the policy as a whole, was averred. The court said that, for all shown by the plea, the "other things" averred to be in the application and contract may have so controlled the particular provision set up in the plea as to show that it was not intended to be, and was not in fact, warranted to be true. Therefore, construing the plea and the contract against the defendant insurer, the plea was held to be bad. On a second appeal in that case (157 Ala. 540, 47 South. 1019), it appeared that on the return of the case to the trial court pleas had been filed which avoided the pitfall of "other things," and were in form and effect the same as the plea here under consideration. The intimation was that the pleas filed at the second trial were sufficient.

Contracts may always be pleaded according to their legal effect, and that is what the plea here does; and, so far as concerns any objection taken to it by demurrer or argument, it sufficiently avers a warranty and its breach by the assured.

Accordingly the judgment will be affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur.