(86 South. 73)

## DOULLUT & WILLIAMS v. HOFFMAN.
### (1 Div. 124.)

(Supreme Court of Alabama. Jan. 22, 1920.)

**1. Pleading ⬳9—Legal effect of contract may be stated.**

In an action by an employé of a shipbuilding company against the independent contractor engaged to drive piles, a general averment that the injured employé was entitled by reason of the contract to be on the pile driver at the time he was injured is sufficient, for in pleading a contract it is permissible to state its legal effect.

**2. Negligence ⬳111(1) — Specific averment unnecessary.**

In an action by an employé of a shipbuilding company, injured while on a pile driver belonging to defendant, engaged to drive piles for the company, where it was alleged that by virtue of the contract between the parties plaintiff was entitled to be on the pile driver at the time of the accident, the imputation that plaintiff was a wrongdoer or trespasser was rebutted, and a specific averment, pointing out the negligent act proximately causing the injury, was not necessary, and a general averment was sufficient.

**3. Negligence ⬳111(3)—Pleading should show agency inflicting injury.**

In an action for injuries to an employé of a shipbuilding company on a pile driver belonging to defendant engaged in driving piles for the company, counts are open to demurrer when they fail to show what agency or instrumentality inflicted the injury.

**4. Pleading ⬳208—Grounds of demurrer, not assigned, will not be considered.**

Under Code 1907, § 5340, a demurrer to counts is properly overruled, where the only grounds to which they were subject to attack were not assigned.

**5. Negligence ⬳117—Plea held demurrable.**

In an action by an employé of a shipbuilding company, injured while on a pile driver belonging to defendant engaged to drive piles for the company, where it was alleged that by reason of the contract plaintiff was entitled to be on the pile driver at the time of the accident, a plea, alleging that prior to the time of the accident plaintiff was directed by his superior in employ of the company not to go upon the pile driver, but in violation of such instructions went thereon and was injured, is open to demurrer; it not being shown that the alleged superior had authority to give instructions which plaintiff was bound to obey, or that the violation of such instructions in any wise increased the hazard of plaintiff's employment.

**6. Negligence ⬳124(1)—Evidence as to conduct of person injured held admissible.**

In an action by an employé of a shipbuilding firm, injured while on a pile driver of defendant engaged to drive piles for the firm, where plaintiff offered evidence tending to show that it was necessary in the performance of his duties to go upon the pile driver, defendant was entitled to offer countervailing evidence.

**7. Negligence ⬳124(1) — Evidence of commands held inadmissible.**

Where plaintiff, an employé of a shipbuilding company, injured while on the pile driver of defendant, which was doing work for the company, contended that he was entitled by reason of the contract to be on the pile driver, and that it was necessary in the performance of his duties, evidence that employés of defendant forbade plaintiff from going on the pile driv-

er is inadmissible without further showing that such employés were persons in a position of authority.

**8. Negligence ⊛⟹124(1)—Evidence as to commands held inadmissible.**

Where plaintiff, an employé of a shipbuilding company, injured while on a pile driver of defendant which was doing work for the company, asserted his right to be upon the pile driver, and defendant denied the same, the question as to whether one in employ of the company directed him not to go on the pile driver was properly excluded on objection, it appearing that witness was not in the company's service.

**9. Infants ⊛⟹72(2)—Prior to emancipation, infant cannot recover for loss of time.**

Prior to the emancipation of an infant, he cannot recover in an action for damages for personal injuries for loss of time, or for expenses in the cure of his injuries.

**10. Negligence ⊛⟹32(1)—Contractor must use ordinary care as to inspector.**

An independent contract owes employés of the principal rightfully on the premises for purposes of inspection the duty of ordinary care to avoid inflicting injuries.

**11. Negligence ⊛⟹32(3) — Inspector present for his own purposes cannot recover.**

Where an employé of a shipbuilding company, injured while on the pile driver of defendant, which was doing work for the company, asserted that he was rightfully on the same in the performance of his duties of inspection, there can be no recovery if he was on the pile driver for his own purposes, engaged in conversation with employés thereon, and instructions to that effect were improperly refused.

**12. Trial ⊛⟹260(1)—Requests covered properly refused.**

The refusal of a request covered by the charge given was not error.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by George Garner Hoffman, suing by his next friend, against Doullut & Williams. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following are the counts of the complaint referred to in the opinion:

(3) Plaintiff claims of the defendant the sum of $25,000 for that, heretofore, to wit, on the 23d day of September, 1918, the plaintiff was badly cut, burned, and hurt on his legs, body, and his head, from which he suffered great pain, both in body and in mind, and by reason of which he was put to great loss of time and permanently injured so as to render him physically less efficient, and was put to great expense for medicine and medical attention in and about his cure.

And the plaintiff avers that his said injuries were the proximate result of negligence of the defendant in the operation of a certain pile driver, upon which the plaintiff then was in the discharge of his duties under the employment of the Chickasaw Shipbuilding Company, for which the defendant was then and there driving piles by use of the said pile driver under a contract with the Chickasaw Shipbuilding Company by the terms of which the plaintiff, as the representative of the Chickasaw Shipbuilding Company, had the right to be upon said pile driver.

(4) Plaintiff claims of the defendant the sum of $25,000, for that, heretofore, to wit, on the 23d day of September, 1918, the plaintiff was badly cut, burned, and hurt on his legs, body, and his head, from which he suffered great pain, both in body and in mind, and by reason of which he was put to great loss of time and permanently injured, so as to render him physically less efficient, and was put to great expense for medicine and medical attention in and about his cure.

And the plaintiff avers that his said injuries were the proximate result of the negligence of the defendant, by reason of which a certain pile driver turned over, and the plaintiff avers that at the time that said pile driver turned over plaintiff was on said pile driver in the discharge of his duty as an employé of the Chickasaw Shipbuilding Company, for which company the defendant was then and there driving piles under a contract, by the terms of which the plaintiff as the representative of the Chickasaw Shipbuilding Company had the right to be upon said pile driver in the discharge of his duties.

(8) Plaintiff claims of the defendant the sum of $25,000, for that heretofore, to wit, on the 23d day of September, 1918, the plaintiff was badly cut, bruised, and hurt on his legs, body, and head, from which he suffered great pain, both in body and in mind, and by reason of which he was put to great loss of time and was permanently injured, and was put to great expense for medicine and medical attention in and about his cure.

And the plaintiff avers that his said injuries were the proximate result of the negligence of the defendant in the operation of a certain pile driver upon which the plaintiff then was in the discharge of his duties under the employment of the Chickasaw Shipbuilding Company, for which company the defendant was then and there driving piles by the use of said pile driver under a contract, by the terms of which it was provided that all work should be made and done under the direction and acceptance of the Chickasaw Shipbuilding Company's general superintendent, or his authorized assistant, and that all work should be done in conformity with such lines, levels, stakes, plans, specifications, and instructions as should be from time to time given by the Chickasaw Shipbuilding Company for the guidance and direction of the defendant, and which said contract provided that the plaintiff should be compensated by the Chickasaw Shipbuilding Company on a basis of cost, plus a percentage, which said provision made it necessary and proper that the Chickasaw Shipbuilding Company should keep itself informed as to the cost of said work as it progressed, and the plaintiff avers that in order to keep itself so informed the Chickasaw Shipbuilding Company employed a pile foreman, whose duty it was to ascertain

and report to it the information necessary, and the plaintiff was one of said pile foreman, and as such required to ascertain and report said information, which required his presence, from time to time, upon said pile driver, and the plaintiff avers that the different pile foremen so employed had been in the habit of going upon said pile drivers in the performance of their duties with the knowledge and acquiescence of the defendant, and that while the plaintiff was so upon the pile driver of which he was in charge in accordance with said custom and in the discharge of his duties the said pile driver capsized by reason of the negligence of the defendant, or one of its servants, while acting within the scope of his duties as such servant, and inflicted upon the plaintiff the injuries on account of which this suit is brought, wherefore the plaintiff sues.

The following is plea 4:

That prior to the time plaintiff received his said injury, he had been directed and instructed by his superior in the employ of the Chickasaw Shipbuilding Company, not to be or go upon defendant's pile driver, but in violation of such directions and instructions, he went upon said pile driver while the same was in operation, and in violation of such instructions and directions was upon said pile driver when it turned over and injured him, and by being upon said pile driver, contrary to such instructions and directions, plaintiff proximately contributed to his own injury.

The following charges were refused to the defendant:

(12) The court charges the jury that if they believe from the evidence in the case that the plaintiff at the time he was injured was on the defendant's pile driver, talking to the defendant's firemen about matters foreign to the employment of plaintiff, or was not engaged in the performance of the duties of his employment with the Chickasaw Shipbuilding Company, then they must find for the defendant.

(26) The court charges you, gentlemen of the jury, that if you believe from the evidence in this case that the plaintiff at the time of his injury was not performing the duties of his employment with the Chickasaw Shipbuilding Company you must find for the defendant.

(35) The court charges the jury that if they believe the evidence they cannot award plaintiff any damages for any time he may have lost from his services prior to the bringing of this suit.

(36) The court charges the jury that if they believe the evidence they cannot award plaintiff any damages for expenses incurred for medicine and medical attention in and about the cure of his wounds and injuries.

Smiths, Young & Leigh, of Mobile, for appellant.

Count 4 was subject to the demurrers interposed thereto. 166 Ala. 437, 52 South. 38; 171 Ala. 251, 55 South. 170; 183 Ala. 310, 62 South. 804; 183 Ala. 298, 62 South. 808; 188 Ala. 337, 66 South. 85; 201 Ala. 141, 77 South. 565; 201 Ala. 553, 78 South. 907; 164 Ala. 62, 51 South. 345. The court erred in its rulings upon the evidence. 144 Ala. 373, 39 South. 654; 192 Ala. 23, 68 South. 254; 192 Ala. 373, 68 South. 283. The court erred in its oral instructions to the jury. 179 Ala. 213, 60 South. 175; section 2484, Code 1907; 100 Ala. 187, 14 South. 175; 124 Ala. 349, 27 South. 455; 200 Ala. 288, 76 South. 54; 161 Ala. 135, 49 South. 755, 135 Am. St. Rep. 118, 18 Ann. Cas. 477; 163 Mich. 564, 128 N. W. 784, 31 L. R. A. (N. S.) 519, Ann. Cas. 1912A, 988, and note; 60 Md. 340, 45 Am. Rep. 739; 24 R. I. 447, 53 Atl. 320, 60 L. R. A. 122, and note, 96 Am. St. Rep. 749. Counsel discuss refused charges, but without further citation of authority.

Harry T. Smith & Caffey, of Mobile, for appellee.

Count 4 was sufficient. 123 Ala. 233, 26 South. 349; 83 Ala. 376, 3 South. 902; 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; 183 Ala. 182, 62 South. 500; 151 Ala. 327, 43 South. 841; 196 Ala. 107, 72 South. 35; 179 Ala. 372, 60 South. 304. Having employed the plaintiff to perform duties requiring him to go upon the pile driver, defendant could not place the plaintiff in the wrong by telling him not to go thereon. 141 Ala. 258, 37 South. 395; 121 Ala. 221, 25 South. 609; 171 Ala. 223, 55 South. 93; 111 Ala. 288, 19 South. 1001; 159 Ala. 192, 49 South. 299; 162 Ala. 618, 50 South. 289; 164 Ala. 122, 51 South. 424. Counsel discuss assignments of error relative to evidence, but without citation of authority. There was no error in the oral charge of the court. 166 Ala. 219, 52 South. 351; 102 U. S. 276, 26 L. Ed. 152; 144 Ala. 175, 39 South. 1017; 148 Ala. 147, 41 South. 988; 187 Ala. 562, 65 South. 939; 179 Ala. 372, 60 South. 304. Charges are discussed, but without further citation of authority.

BROWN, J. [1] The third and fourth counts of the complaint were not rendered subject to demurrer by the averment that, "by the terms of the contract" between the Chickasaw Shipbuilding Company and the defendant, the plaintiff, as representative of the shipbuilding company, had the right to be on the pile driver at the time he was injured. In pleading a contract it is permissible to state its legal effect. Davis v. Campbell, 3 Stew. 319; Pharr v. Bachelor, 3 Ala. 237; 2 Mayf. Dig. p. 808, par. 849.

[2] These averments, made as matters of inducement, relieved the plaintiff of the imputation that he was a wrongdoer or trespasser when he received the injuries, and charged the defendant with the duty of exercising reasonable care not to inflict injuries upon him; and a specific averment, pointing out the negligent act proximately causing injury, was not necessary—a general averment to this end is all that is required.

Leach v. Bush, 57 Ala. 145; M. & O. R. R. Co. v. George, 94 Ala. 199, 10 South. 145; L. & N. R. R. Co. v. Hawkins, 92 Ala. 241, 9 South. 271; Laughran v. Brewer, 113 Ala. 509, 21 South. 415; L. & N. R. R. Co. v. Jones, 130 Ala. 456, 30 South. 586; L. & N. R. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790; West. Ry. of Ala. v. Madison, 16 Ala. App. 588, 80 South. 162; Armstrong v. Montgomery Street Ry., 123 Ala. 233, 26 South. 349.

[3, 4] These counts, however, were demurrable for a lack of averment, showing what agency or instrumentality inflicted the injury. Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 52 South. 38. But this was not assigned as one of the grounds of demurrer, and they are not subject to the grounds assigned. Code 1907, § 5340; Wright v. McCullough, 16 Ala. App. 575, 80 South. 149; Alabama Power Co. v. Holmes, 16 Ala. App. 633, 80 South. 736.

[5] In view of the averments of the third and fourth counts, heretofore referred to, the instructions of plaintiff's superior, the violation of which is made the subject of plea 4, were clearly inconsistent with the plaintiff's right and his duty to his employer. Moreover, it does not appear from the averments of the plea that the alleged superior had the authority to give such instructions, or that the plaintiff was under any duty to obey them. Neither is it averred that the violation of such instructions violated any right of the defendant, or in any way increased the hazard of plaintiff's employment; and for these reasons the demurrers were properly sustained to this plea. Mobile, Jackson & Kansas City R. R. Co. v. Bromberg, Adm'r, 141 Ala. 258, 37 South. 395; L. & N. R. R. Co. v. Brown, Adm'r, 121 Ala. 221, 25 South. 609.

[6] The case was submitted to the jury on the third, fourth, and eighth counts of the complaint. The eighth count contains the following averments:

"And plaintiff avers that in order to keep itself informed the Chickasaw Shipbuilding Company employed a pile foreman, whose duty it was to ascertain and report to it the information necessary, and the plaintiff was one of said pile foremen, and as such required to ascertain and report said information, which required his presence, from time to time, upon said pile driver; and the plaintiff avers that the different pile foremen who were so employed had been in the habit of going upon said pile driver in the performance of their duties with the knowledge and acquiescence of the defendant, and that, while the plaintiff was so upon the pile driver of which he was in charge in accordance with said custom and in the discharge of his duties, the said pile driver capsized by reason of the negligence of the defendant, or one of its servants, while acting within the scope of his duties as such servant, and inflicted upon the plaintiff the injuries" complained of.

The plaintiff offered evidence in support of these averments, tending to show that it was necessary for the "inspectors or pile foremen" of the shipbuilding company, in the discharge of their duties, to go upon the the pile driver while it was being operated, and that it was customary for them to do so, and that no objection to this course of conduct was made by the persons in charge of the work of operating the machine.

The defendant had the right to adduce countervailing evidence on these questions, and Simmons, the defendant's foreman in charge of the pile driver that capsized and inflicted upon the plaintiff the injuries for which he sues, was allowed to testify:

"I gave the plaintiff instructions not to go on that driver. I ordered him off the machine. He was on the machine when I ordered him off. * * * None of the other pile foremen have to go on the machine to perform their duties. They did not have a habit of getting on the machine to perform their duties. All of the duties of the pile inspectors could be as well performed on the ground as on the machine."

[7, 8] However, the court did not err in sustaining the plaintiff's objection to the question, "Please state whether or not any of the employés of Doullut & Williams ever instructed you not to go upon the pile driver, or any pile driver, of the Doullut & Williams Company while it was in operation," propounded to the witness Dowdell. The evidence shows that the defendant had in its employ coal passers, water carriers, and other common laborers, who, so far as appears here, had no authority over the work or over the employés of the shipbuilding company; and an affirmative answer to this question for these reasons might have been wholly immaterial to the issues in the case. Such instructions to be material must have emanated at least from one in authority in connection with the work in hand, and must have been given prior to the time of the plaintiff's injury. McCutchen v. Loggins, 109 Ala. 457, 19 South. 810.

For the same reason the court properly sustained the plaintiff's objection to the following question:

"Will you please state whether or not they told these foremen of the Chickasaw Shipbuilding Company, or did Mr. Simmons, in the employ of the Chickasaw Shipbuilding Company, tell them not to go on the pile driver?"

Moreover, there is no proof that Simmons was in the employ of the shipbuilding company, but, to the contrary, the proof shows that he was an employé of the defendant. The testimony of the witness Shirley shows that he continued in the employ of the shipbuilding company after the plaintiff was injured, and the question propounded to him with reference to the instructions given by

Simmons was not limited to instructions given anterior to plaintiff's injury. McCutchen v. Loggins, 109 Ala. 457, 19 South. 810.

Under the rule stated in B. R., L. & P. Co. v. Friedman, 187 Ala. 562, 65 South. 939, and reaffirmed in Ex parte Cowart, 201 Ala. 55, 77 South. 349, the exceptions to the oral charge present nothing for review.

[9] Mrs. Sarah Hoffman, the mother of the plaintiff and the next friend by whom he sues, testified as follows:

"I am the mother of this boy, the plaintiff in this case. He was born December 7, 1899. He was 19 years old last December. His father is living. The father has never supported the boy. I have supported him since his birth. His father does not contribute to his support. * * * He gave me every cent that he earned. It came to me as his mother. He consulted me about the employment he engaged in—he never went into anything without consulting me—and he did not get my consent before he went to work in this Chickasaw business. I thought this work was not suitable for him. I did not sign any paper for that company. I did not sign any papers when he went to work for anybody else. I just expressed my judgment, that I did not think the work at Chickasaw was suitable for him. He worked there because the wage was better, and I got every cent of the money while he was working there."

While this witness in answer to the question, "Is he now dependent on his own resources for a livelihood?" stated, "He is dependent on his resources;" and the plaintiff also testified, "I am dependent on my own exertion for a living," these latter statements clearly relate to the time of the trial, and not to the time of and prior to the injury. There is no evidence in this record showing, or tending to show, that at the time of the alleged injury the plaintiff had been emancipated, and was dependent upon his labor for a livelihood. The court therefore erred in refusing charges 35 and 36. Durden v. Barnett, 7 Ala. 169; Tilley v. Harrison, 91 Ala. 295, 8 South. 802; B. R., L. & P. Co. v. Baker, 161 Ala. 135, 49 South. 755, 135 Am. St. Rep. 118, 18 Ann. Cas. 477; McNamara v. Logan, 100 Ala. 187, 14 South. 175; Woodward Iron Co. v. Cook, 124 Ala. 349, 27 South. 455; Huntsville Knitting Co. v. Butner, 200 Ala. 288, 76 South. 54; Yost v. Grand Trunk R. Co., 163 Mich. 564, 128 N. W. 784, 31 L. R. A. (N. S.) 519, and note, Ann. Cas. 1912A, 988.

[10] The plaintiff as an employé of the contractee, the Chickasaw Shipbuilding Company, was, at the time of receiving the injuries, rightfully on the premises of his master engaged with the defendant, an independent contractor of the shipbuilding company, in the prosecution of the same work, driving piles for the shipbuilding company; and the law imposed on the defendant the duty of using ordinary care, or, as it is sometimes expressed, the reasonable care of an ordinarily prudent person, to avoid inflicting on plaintiff personal injury. Miller v. Moran Bros. & Co., 39 Wash. 631, 81 Pac. 1089, 1 L. R. A. (N. S.) 283, 109 Am. St. Rep. 917; 14 R. C. L. p. 105, par. 41; note 76 Am. St. Rep. 427.

[11] Therefore, the inquiry as to whether or not the plaintiff had the right, or it was necessary for him, in doing his work, to go upon the pile driver, is related, it would seem, rather to the defense of contributory negligence than to the liability of the defendant vel non for injuries resulting from its negligence or the negligence of its servants. But in this case the plaintiff, by the averments of each of the counts of the complaint under which the case was submitted to the jury, assumed the burden of showing that the plaintiff at the time of his injury was on the pile driver in the discharge of his duties; and there is some evidence tending to show that plaintiff was on the pile driver talking with some of the employés of the defendant about matters foreign to his duties and employment. On this state of the pleadings, the court erred in refusing charges 12 and 26, requested by the defendant.

[12] Charge 30, refused to the defendant, was substantially covered by charge 33, given at its instance.

We think the evidence clearly excludes the idea that the injury was the result of unavoidable accident; and, while charge 31 asserted a correct abstract proposition, its refusal was not error in this case. There was evidence sufficient to carry the case to the jury under counts 3, 4, and 8, and the affirmative charge as to each of these counts was properly refused.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.