164 So. 729

**PEARSON v. VAN ANTWERP REALTY CORPORATION.**

**I Div. 883.**

Supreme Court of Alabama.

Dec. 19, 1935.

Leo M. Brown and Leo H. Pou, both of Mobile, for appellant.

B. F. McMillan, Jr., of Mobile, for appellee.

316

BROWN, Justice.

The first and second counts of the complaint are for the breach of a covenant embodied in a contract entered into between the plaintiff and Mrs. Van Antwerp, in June, 1920, in respect to taking down and reconstructing a party wall between the buildings of the plaintiff and Mrs. Van Antwerp, at that time coterminous properties. The obligation assumed by the covenant, the breach of which is the basis of said counts, was that in rebuilding the party wall, the building of the plaintiff was to be adjoined and made fast to the new wall by proper brackets or other structures in such way as to support plaintiff's building, and to reimburse the plaintiff for any damage done to plaintiff's building "by or as the result of said work." Said counts aver that "said Mrs. Van Antwerp further agreed, in and as a part of said contract, that should any damage be done to plaintiff's building, by or as the result of said work, she would reimburse the plaintiff for said damage, *and that said contract should also be binding upon her assigns as subsequent owners of said property*"; that said wall was taken down and the new wall constructed by Mrs. Van Antwerp; that in constructing the new wall she failed to provide proper supports to the plaintiff's said building and failed properly to fasten plaintiff's said building to said new wall, and has ever since failed to provide such supports or fastenings. (Italics supplied.)

The alleged breach of the contract by the defendant is: "That the defendant became bound by said contract when it purchased said property from said Mrs. Van Antwerp in 1922; and the defendant has breached said contract in this, that continuously since said date it has failed to provide proper support for plaintiff's said building and has failed properly to fasten plaintiff's said building to said new wall, and has failed and refused to reimburse the plaintiff for the damages suffered by him as hereinafter set forth."

These counts also allege that as a proximate consequence of the breach, "the walls of plaintiff's building have settled or subsided, the front wall of his said building has gradually and continuously grown out of line, until it is now almost six inches out of line, and said wall is in an unsafe condition and must be torn down and rebuilt, all to plaintiff's damage."

Count 3 undertakes to state a cause of action in case. It adopts the averments of count 1, setting forth the substance of the contract between the plaintiff and Mrs. Van Antwerp, as inducement, and avers "that in and about the erection of said new building and said new party wall, said Mrs. Van Antwerp, acting through her agents, servants or employees, negligently failed to provide proper lateral support for plaintiff's said building and negligently failed to fasten plaintiff's said building to said new wall; that the defendant, as the purchaser of said building from said Mrs. Van Antwerp in 1922, and as the owner of same since said date, owed a duty to plaintiff to provide and maintain proper lateral support for plaintiff's said building, and to provide and maintain proper brackets and fastenings to prevent plaintiff's said building or the walls thereof from subsiding or leaning or bending or otherwise getting out of line; and that continuously since said date the defendant, acting through its agents, servants or employees, has negligently failed to provide and maintain proper lateral support for plaintiff's said building, and has negligently failed to provide and maintain proper brackets and fastenings for said building."

Count 4, like count 3, adopts the averments of count 1 as inducement, and avers "that in and about the erection of said new building and said new party wall, said Mrs. Van Antwerp, acting through her agents, servants, or employees, negligently failed to provide proper lateral support for plaintiff's said building and negligently failed to fasten plaintiff's said building to said new wall; that plaintiff had a right to assume, and did assume, that said Mrs. Van Antwerp had provided said support and had properly fastened plaintiff's said building to said new wall; that said Mrs. Van Antwerp, her agents, servants, or employ-

ees, fraudulently concealed from or failed to disclose to the plaintiff the fact that said support had not been provided and that plaintiff's said building had not been properly fastened to said new wall; that one of the agents, servants, or employees of said Mrs. Van Antwerp, to wit, the architect in charge of said construction work, became the agent, servant, or employee of the defendant when it acquired said building from Mrs. Van Antwerp, and has remained and still is the defendant's architect; that said architect, acting within the line of his duty and scope of his authority as an agent, servant, or employee of the defendant, knew of the failure properly to support said building and to fasten it to said new wall, and fraudulently concealed from or failed to disclose to the plaintiff knowledge of such fact, which knowledge plaintiff did not acquire until, to wit, within recent months."

The contract embodying the covenant between plaintiff and Mrs. Van Antwerp is not set out in haec verba, but the pleader, as he had the right to do, states its substance and legal 'effect. Hunt v. Preferred Accident Ins. Co. of New York, 172 Ala. 442, 55 So. 201; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73. But on demurrer the averments will be construed most strongly against him. Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 So. 203.

It appears from the averments of the counts of the complaint, when so interpreted, that the parties to the contract contemplated that the obligation assumed by the covenantor to make proper junctures between plaintiff's building and the reconstructed party wall was to be performed as a part of the work of reconstructing the wall, and that the right to tear down and rebuild the wall, with the liability incident thereto, should run with the land until that purpose of the contract was accomplished—strictly speaking, a limited covenant.

Therefore, giving effect to the covenant, according to the intention of the parties, as is the rule in such cases (15 C.J. 1251, § 68 [3]), when the work of rebuilding the party wall was completed, the covenant served its purpose, and any liability for breach thereof and damage proximately resulting therefrom rested upon the owner of the Van Antwerp building at the time of such rebuilding.

It appears from the averments of the complaint that the work was performed during the ownership of the property by Mrs. Van Antwerp, and the defendant was not liable under the ex contractu counts.

It is equally as clear, from the averments of the counts in case, that the failure to make proper junctures between the plaintiff's building and the reconstructed wall was proximately caused by Mrs. Van Antwerp, her agents or servants, and the mere fact that the architect employed by Mrs. Van Antwerp to superintend the work of rebuilding and making the junctures had knowledge of the negligent failure to so join, and that he afterwards became the agent or servant of the defendant, did not operate to make the defendant liable or charge the defendant with notice of such negligent failure. Only notice or knowledge coming to an agent during his agency in respect to a pending transaction is imputed to the principal. Girard Fire & Marine Ins. Co. et al. v. Gunn, 221 Ala. 654, 130 So. 180; Life & Casualty Ins. Co. of Tennessee v. Crow, ante, p. 144, 164 So. 83.

Fraudulent concealment by Mrs. Van Antwerp and her agents and servants could not fix liability on her grantee, and at most would only stay the running of the statute of limitation against her. Code 1923, § 8966.

The rulings and judgment of the trial court on the demurrers to the several counts of the complaint are free from error, and the judgment of nonsuit will be affirmed.

Affirmed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.