53 So.2d 371

**BOARD OF EDUCATION OF RANDOLPH COUNTY et al. v. STATE ex rel. BOWEN.**

**5 Div. 510.**

Supreme Court of Alabama.

May 17, 1951.

Rehearing Denied June 28, 1951.

Paul J. Hooton, Roanoke, for appellants.

Arthur D. Shores and Peter A. Hall, Birmingham, for appellee.

BROWN, Justice.

This appeal is from a judgment of the Circuit Court of Randolph County awarding a peremptory Writ of Mandamus requiring the respondents to restore the petitioner (appellee) to the status of a teacher in continuous service under the Teachers' Continuing Service Act embodied in Chapter 13, Title 52, Code 1940.

Upon the filing of the petition on September 18, 1950, duly verified by oath, a rule nisi was issued to the respondents commanding them to show cause at 9 o'clock A.M. October 26, 1950, why the peremptory Writ of Mandamus should not issue.

Paragraph 3 of the petition avers "That your relator is a 'teacher' in the public school system of Randolph County, Alabama, within the meaning of that term as used in Title 52, Section 351 of the Code of Alabama of 1940."

Paragraph 4 avers ".That your relator has served under contract as a teacher in the public schools of Randolph County for to-wit: Three years."

Paragraph 5 avers "That the contract of employment of your relator as a teacher in the public schools of Randolph County, Alabama, has remained and still remains in full force and effect and has not been cancelled as provided in Sections 357, 358 or 360 of Title 52 of the Code of Alabama 1940."

Paragraph 6 avers "That on, to-wit: April 26, 1950, your relator received from the Superintendent of Education of Randolph County, Alabama, a communication dated April 25, 1950, notifying him that he would very likely be offered a place— perhaps the position he already held. A true copy of that communication is attached hereto and made a part of this petition as if fully set out and marked as Exhibit 'A'."

Paragraph 7 avers "That on, to-wit: July 31, 1950, your relator received a communication from the Superintendent of Education of Randolph County, Alabama, dated July 29, 1950, notifying him that the Randolph County Board of Education had rejected him as a teacher for the 1950–1951 school term. A true copy of that communication is attached hereto and made a part of this petition as if fully set out and marked as Exhibit 'B'."

Paragraph 8 avers "That subsequent to July 29, 1950, and prior to the opening of school for the 1950–51 school term, your relator presented himself in person to the Superintendent of Randolph County schools and informed him that he was able, ready and willing to resume his duties as a teacher in the Randolph County, Alabama, schools; that on August 28, 1950, by letter from relator's attorney addressed to the Superintendent of Schools of Randolph County, Alabama, relator again presented himself to the School Board of Randolph County informing it that he was able, ready and willing to assume his duties as a teacher in the public schools of Randolph County, Alabama. A copy of said communication is hereto attached and made a part of this petition as if fully set out and marked Exhibit 'C'; that to the date of the filing of this petition, your relator has heard nothing from the County Board of

Education of Randolph County, Alabama, and therefore avers that the said County Board of Education for Randolph County, Alabama, has failed or refused to effect an appointment of your relator to a teacher's position in the public schools of Randolph County, Alabama."

And Paragraph 9 avers "That the right of your relator to continue as a teacher in the Public School System of Randolph County, Alabama, is a valuable property right of which he may not be deprived without due process of law. Your relator avers that the notice dated July 31, 1950, is an attempted termination of your relator's contract of employment, is arbitrary, unjust, void and of no effect, being in violation of Title 52, Section 360, Code of Alabama of 1940, which requires that in no case shall the notice of employment of a teacher for the ensuing year be given later than the first day of May of the preceding year."

Exhibits "A", "B", and "C" to the petition appear in the statement of the case.

After the demurrer was filed, but before a ruling was invoked thereon, the petitioner and relator amended the petition by substituting the following averment for Paragraph 4 of the original petition: "That your relator has served under contract as a teacher in the public schools of Randolph County, Alabama, for, to-wit: Three (3) consecutive years immediately preceding May 1, 1950, and has attained continuing service status under the provisions of Title 52, Section 352 of the Code of Alabama, 1940."

And relator amended his petition further by adding the following averments to Paragraph 9 of the original petition: "9a. That the notice dated July 31, 1950, in the attempted termination of your relator's contract of employment is arbitrarily unjust, void and of no effect, being in violation of Title 52, Section 357, Code of Alabama, 1940, which requires that the contract with a teacher with continuous service status may be cancelled only in the following manner: Not less than thirty (30) nor more than forty (40) days before the con-

sideration, by the employing Board of Education, of the cancellation of any such contract, such teacher shall be notified in writing of the exact date, time when and place where such consideration is to take place."

The respondents demurred to the petition on numerous grounds, among others, "That the allegation in Paragraph 3 of the petition that the relator is a 'teacher' under Title 52, Section 351, 1940 Code of Alabama, is a conclusion of the pleader and shows no facts for such allegation; * * that the allegation that relator in Paragraph 4 of the petition served under contract as a teacher in said public schools of Randolph County, Alabama, is a mere conclusion of the pleader;" that "Said Paragraph 4 of the petition fails to allege whether said contract, oral or written was made with the Randolph County Board of Education, or with the County Superintendent of Education, or with whom, for how long and for what, or for what the relator was to teach and where, or whether in Alabama or Georgia;" that "For aught appearing in Paragraph 5 of the petition, the averment that the contract is still in force and effect and has not been cancelled, etc., is a mere conclusion of the pleader and no contract is shown or pleaded therein;" that "The allegations of said petition aver that relator taught in the public schools of Randolph County, Alabama, but said petition fails to aver that relator was re-employed by the proper authorities of said county, that would bring relator under the terms and rights of a Tenure Teacher;" that the allegations of Paragraph 5 of the petition, that the contract of employment is in full force and effect and has not been cancelled as provided in Section 360 of Title 52 of the 1940 Code of Alabama is a vague surmise and a conclusion of the highest type, for that it fails to aver wherein or how that such contract of employment, if any, has not been cancelled as provided by said Section 360 of Title 52 of the 1940 Code of Alabama."

The respondents also filed a motion to quash the alternative writ of mandamus;

the grounds of the motion, stated in general terms, being in substance as follows:

"Said writ is improvidently issued;

"Said writ is issued without authority of law; ·

"Said writ is issued without legal right;

"Said writ is issued without equitable right;

"Said writ is at variance and is foreign to the proceedings and right sought in the original petition for writ of mandamus, in that said alternative writ of mandamus is directed solely to the Respondent, J. Lem Lovvorn as Secretary and Executive Officer of the Board of Education of Randolph County, Alabama;" and other grounds.

The Circuit Court overruled the demurrer and also the motion to quash the alternative writ of mandamus.

■ The law is well settled that in pleading a contract it is permissible to state its substance and legal effect. Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Sovereign Camp, W. O. W. v. Brownrigg, 231 Ala. 162, 163 So. 786; Pearson v. Van Antwerp Realty Corporation, 231 Ala. 315, 164 So. 729; Hunt v. Preferred Accident Ins. Co. of New York, 172 Ala. 442, 55 So. 201.

■ The pleading in this case meets the test required by these authorities and the demurrer was properly overruled. The Court did not err in overruling the motion to quash the alternative writ of mandamus.

■ Section 358, Title 52, Code of 1940, as first written, provided for a review by "bill in equity for the specific performance of such contract, filed in the county where said school system is located", but by a subsequent amendment by Act approved July 7, 1945, General Acts 1945, page 646, embodied in the 1949 Supplement to the Code of 1940, page 27, it was provided that the action of the board "may be reviewed by petition for mandamus filed in the county where said school system is located." The Court, therefore, did not err in overruling the motion to quash.

■ The appellants next insist that the relator failed in his proof, in that he testified that his employment started in June of 1947 and hence it was impossible for him to have been employed for three years prior to May 1st, 1950. It will be noted that the averment of time was stated under a *videlicet,* and where this is so the fact that the evidence did not conform to the exact date alleged does not constitute a variance. Pollack v. Gunter & Gunter, 162 Ala. 317, 50 So. 155. The evidence shows without dispute that the relator's service as a teacher commenced in June, 1947, and continued through and up to July 29, 1950, which created a status of continuing employment under the provisions of the Teachers' Employment Act. The letter of date, April 25, 1950, made Exhibit "A" to the petition for mandamus, did not purport to terminate the contract then existing between the relator and the board, and said letter was inefficacious to effect a cancellation of said contract. And the relator having continued his service through and up to July 29, 1950, had attained a status of continuing employment and his contract could not be cancelled without proper proceedings under the statute. Whittington v. Barbour County Board of Education, 250 Ala. 692, 36 So.2d 83.

The Circuit Court, on evidence given *ore tenus,* ruled in accordance with the foregoing views, and such rulings are free from error. The judgment is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.